LAWRENCE F. WELDON, Executor, &c. of Elizabeth S. Weldon, Deceased, and individually, Respondent, *against* JOSEPH BECKEL *et al.*, Appellants.

(Decided April 3d, 1882.)

Articles of copartnership between the plaintiff, his wife, and the defendants, recited that the plaintiff and his wife had each contributed certain machinery, tools, &c., of a specified value, and that each of the defendants had contributed cash in various amounts to the capital stock; and it was agreed that on the termination of the copartnership the assets should be distributed by repaying to each the amount of capital contributed by him, and dividing the balance equally; and the plaintiff and his wife agreed, in such distribution, to receive the machinery, tools, &c., contributed by them, at the same value it represented in the capital stock. The copartnership having been dissolved by the death of the plaintiff's wife, the defendants took the property of the firm into their possession and sold part of it. The plaintiff, as executor of his wife and in his individual capacity, brought an action against them for an accounting of the affairs of the copartnership. *Held*, that upon such accounting, there being evidence that the value of the property contributed by the plaintiff and his wife had depreciated, and was in fact less than the value stated in the copartnership articles, such property should be charged against the defendants at its actual value only at the time of the dissolution.

APPEAL from a judgment of this court entered upon the report of a referee.

The action was brought for an accounting of the affairs of a copartnership.

On the 2nd of January, 1877, articles of copartnership were entered into between the defendant, Joseph Beckel, Elizabeth Stowell Weldon, Emile H. Roth, L. F. Weldon and Benjamin F. Beckel. The business of the copartnership was to be the manufacture of ladies' bustles, corsets, bosom pads and other articles of ladies' wear, and the buying, vending and selling of all sorts of goods to the business belonging or appertaining; the business was to be conducted in the City of New York, and at such other places as the said parties or a majority of them should agree upon. The partnership was to com-

mence on the 2nd of January, 1877, and to continue until and including the 31st of December, 1877, subject, however, to certain other covenants contained in the articles of copartnership. The agreement then recites that Joseph Beckel has contributed and paid in as capital stock $10,000 in cash, stock and book accounts; that Elizabeth Stowell Weldon has contributed and delivered in lieu of cash capital one-half of all the machinery, tools, implements, apparatus and appurtenances owned by her as her separate estate and property . . . of the value of $5,000, and also the further sum of $1,000 in cash and book accounts; that Emile H. Roth has contributed and paid in as capital stock the sum of $1,000; that Lawrence F. Weldon has contributed and delivered in as capital stock one-half of all the machinery, tools, implements, &c., owned by him . . . of the value of $5,000; and that Benjamin F. Beckel has contributed and paid in as capital stock the sum of $1,000. The agreement then provides for the division of profits equally between the partners, and the payment of losses in the same proportions. It further provides that at the end or other sooner termination of their copartnership, the copartners shall have an accounting together, and the assets shall be divided as follows:—after first paying to each one the amount of capital contributed by him, then the balance remaining shall be divided equally between the said copartners, share and share alike; and the said Elizabeth S. Weldon and Lawrence F. Weldon covenanted and agreed to take and receive, on the distribution of the assets of the copartnership at the expiration of the term thereof, all the machinery, tools, implements, &c., contributed by them respectively in lieu of capital stock, at and after the same value and amount it represented in the capital stock of said firm.

The parties entered upon the business of the copartnership, and the same was dissolved in the month of November, 1877, by the death of Elizabeth S. Weldon.

The defendants in this action, Joseph Beckel, Emile H. Roth, and Benjamin F. Beckel, retained the stock and machinery of the firm in their possession, and some of the stock was sold by them.

Upon the trial of this action before the referee, evidence was introduced to show the value of the machinery which was contributed by the Weldons, at the time of the death of Mrs. Weldon. The only persons acquainted with such value, who were examined upon that point, were Mr. Roth and Mr. Menahan. Mr. Roth testified that such machinery was worth from $1,500 to $2,000 ; which included machinery for which the new firm had expended the sum of nearly $3,000. Mr. Menahan fixed the value at $800. Mr. Straus, who was the book-keeper of the firm, in his testimony, in making up the accounts of the business of the firm during the year that it was in existence, shows that the business was conducted at a loss of some $8,000, besides the depreciation in tool and machinery account; and upon being asked how much in his opinion that depreciation was, he stated over $2,000.

It does not appear that Mr. Straus had any knowledge of machinery, or that he was other than a book-keeper. The learned referee in the decision of this case charged the defendants, as the value of the machinery, the amount at which it was estimated for the purposes of contribution as capital stock irrespective of its actual value, and upon this basis made up the account between the members of the firm, and reported in favor of the plaintiff. From the judgment entered upon his report, the defendants appealed.

*Otto Horwitz*, for appellants.

*John H. Hull*, for respondents.

VAN BRUNT, P. J.—[After stating the facts as above.]— The counsel for the respondents, upon the argument of this case, claimed that the articles of copartnership settled beyond question that the machinery, &c., contributed by the plaintiff and his wife, were to be taken by them at the dissolution at and for the same value and amount it represented in the capital stock of the firm, and that this value was fixed at $10,000 ; and that as the plaintiff and his wife were to take this machinery at that valuation upon the dissolution of the copartnership,

because the defendants have retained the same, they are chargeable with precisely the same amount; and it would seem that the referee took this view of the case in the settlement of the copartnership accounts. An examination for a moment of the relation of the parties one to the other, of their rights under the copartnership articles, and of the objects which they sought to attain thereby, will show, I think, that this conclusion is based upon erroneous premises. After the contribution of the capital stock, in money, book accounts and machinery, although some contributed much more than others, it is to be observed that the profits and losses are to be divided equally, and that upon the settlement of the copartnership accounts at the end of the copartnership, the profits remaining, after paying to each copartner the amount of capital contributed by him, were to be divided equally between the copartners.

The plaintiff and his wife, however, in the making up of these accounts, instead of receiving cash or the same as the other copartners for their share of the capital stock, agreed to take back the machinery contributed by them, at the same value that it was stated to be in the articles of copartnership. In other words, the machinery was not to be taken by the copartners absolutely at a valuation of $10,000, so that upon the termination of the copartnership the cash capital contributed and the machinery capital contributed should be treated upon the same bases, but the machinery capital and the cash capital were to be kept separate. Those who contributed cash were to get back as capital, cash, and those who contributed machinery were to get back as capital the same machinery (without any additions) which they had contributed as capital; therefore, as far as the interests of the copartners were concerned, if the Weldons took back the machinery, it was entirely immaterial, in the settlement of these copartnership accounts, or in the making of the copartnership agreement, what the actual value of the machinery was. They might have stated it in the articles of copartnership to be $100,000, and upon the settlement of the copartnership accounts it would not have made the slightest difference. It will, therefore, be seen that the fixing

of the value of $10,000 upon this machinery contributed by the plaintiff and his wife was a mere arbitrary valuation, and was of no importance whatever in fixing the rights of the various copartners. It might be true that, in the absence of any evidence in regard to the value of this machinery, it would be assumed that the value fixed in the articles of copartnership was the value for the purpose of settling the copartnership affairs; but in view of the fact that the valuation placed upon this machinery in the articles of copartnership was not of the slightest consequence to the other copartners, and in the face of direct and positive evidence as to its value, which was entirely uncontradicted, the referee was not bound to take, as he seems to believe that he was, the valuation contained in the articles of copartnership. All the evidence shows that this machinery depreciated, and that it was not worth what it was when it was put in. The witness Straus states that the depreciation of the machinery account was over $2,000, and it appears from the testimony of the witness Roth that $3,000 had been expended in new machinery, which must have gone into this machinery account, which had depreciated during the year to the extent of $2,000.

The referee, in considering the testimony, seems to have assumed that, because the Weldons agreed to take back this machinery in the settlement of the capital account for the same amount that it was put in at, therefore, the defendants, having retained that machinery, were bound to account for it at the same value. In this, I cannot but come to the conclusion that the referee has erred.

As has been above stated, in the absence of any testimony in regard to value his finding could have been sustained, but in view of the uncontradicted testimony that there had been a large depreciation in the value of this machinery, the referee could not find that the machinery was of the value at the time of the death of Mrs. Weldon which it was stated to be in the articles of copartnership. The defendants in this action, if they have converted this machinery to their own use, are liable for the value of the machinery and nothing more, as they

Weldon *v.* Beckel.

did not agree any where in the articles of copartnership to take the machinery at any fixed valuation in case of dissolution.

It is urged that as the defendants *elected* to keep the machinery they have thereby agreed to allow the amount as the value of the machinery which the plaintiff and his wife, in the articles of copartnership, covenanted to do. There is nothing in the articles of copartnership to sustain this proposition. There is nothing in the copartnership articles which gives to the plaintiff and his wife the right to claim the machinery in question upon the settlement of the copartnership accounts ; but the clause in question is an agreement upon their part to take and receive the machinery in lieu of cash in the settlement of such accounts. If the machinery was of greater value than the amount stated in the articles of copartnership, the other copartners could have claimed the benefit of such enhanced value : if it was of a less, however, the other copartners had a right to claim that the plaintiff and his wife should take back the machinery at the valuation at which it was put in. These rights did not impose the duty upon the other defendants of paying the value named in the copartnership articles of the machinery in case it was not returned to the plaintiff and his wife upon the dissolution of the firm.

Although in the settlement of the copartnership accounts, for the purpose of determining the amount of capital contributed by each, the valuation of the machinery contained in the copartnership agreement could not be impeached, yet in charging the parties who have possession of that machinery, the actual value only could be adopted.

There were a variety of other exceptions which were argued upon this appeal, but which it is not necessary now to consider, because of the error above mentioned into which the learned referee has fallen.

The judgment must therefore be reversed and a new trial ordered, with costs to abide the event.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide event.